**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JORGE SARDINAS,

        Plaintiff,

v.                                                   Case No: 6:20-cv-113-Orl-40EJK

INFINITY AUTO INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

This cause is before the Court on Defendant's Unopposed Motion to Transfer the Case to Judge Berger. (Doc. 35). Upon due consideration, Defendant's motion is **DENIED** and the case is transferred back to the Southern District of Florida for further proceedings.

**I.**    **BACKGROUND**

This action originated in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. (Doc. 1). On May 31, 2019, Defendant removed the action to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. (*Id.*). The case proceeded in the normal manner, including Defendant's Motion to Dismiss, (Doc. 8), responsive pleadings, (Docs. 16, 17), and a Report and Recommendation by the Magistrate Judge. (Doc. 20). Objections to the Report and Recommendation and responses were filed by November 6, 2019. (Docs. 21, 28, 29).

On January 21, 2020, with the objections to the Report and Recommendation pending, the District Court entered an Order of Transfer to the Middle District of Florida and closed the case. (Doc. 30). Judge Dimitrouleas ordered the case to be transferred to

the Middle District of Florida, and specifically to Judge Berger, pursuant to the "first-to-file" rule. (Doc. 30). Judge Berger is presiding over *Junior v. Infinity Auto Insur. Co.*, case no. 6:18-cv-1598-ORL-WWB-EJK. That case, as the instant matter, involves a putative class action against Defendant Infinity for allegedly underpaying insureds for vehicles declared a total loss.[1] (Doc. 7).

Once the case from the Southern District was transferred into the Middle District of Florida, it was randomly assigned to the undersigned district judge. (Doc. 32). Since the undersigned is not presiding over 6:18-cv-1598-ORL-WWB-EJK, the purpose of the first-to-file rule is not achieved by the undersigned presiding over the case. Accordingly, the Defendant filed their unopposed motion to transfer the case to Judge Berger. (Doc. 35).

On Monday, February 3, 2020, at 9:46 a.m., the undersigned advised Judge Berger of the pending motion to transfer and the basis for the motion. Having received no response by Judge Berger, the Court concludes that Judge Berger had declined to accept the motion to transfer.[2]

## II.     DISCUSSION

It is clear that a district judge lacks the authority to transfer a case to a specific judge in another District or even within the transferor judge's own district. Accordingly, the transfer order by Judge Dimitrouleas served to transfer his case to the Middle District of Florida for random distribution. The case landed on the undersigned's docket. The only

---

[1]     The first-to-file rule envisions the transfer of a later filed case when the earlier filed matter involves the same parties and is regarding the same issues.
[2]     The Local Rules for the Middle District of Florida provide that a transferee judge has discretion over whether to accept a related case.

2

basis for transferring this matter from the Southern District of Florida—where venue properly lies—is to avoid unnecessary duplication of effort and the potential for inconsistent rulings: the fist-to-file rule. Since Judge Berger has not accepted transfer of this matter, the first-to-file rule is inapplicable, and the case is transferred back to the Southern District of Florida where venue properly lies.

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Unopposed Motion to Transfer the Case to Judge Berger (Doc. 35), is **DENIED**;

2. The Clerk is directed to **TRANSFER** this matter back to the Southern District of Florida, Fort Lauderdale Division, where venue properly lies;[3]

3. All pending motions are denied as moot, and

4. The Clerk is **DIRECTED** to close the case.

**DONE AND ORDERED** in Orlando, Florida on February 7, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3]  Plaintiff alleges "[v]enue is proper in Broward County, Florida, because INFINITY is a Foreign Profit Corporation and it has offices for the transaction of, and agents transacting, its customary business in Broward County.